IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NANCY C. LESHO

        Plaintiff,

v.       //   CIVIL ACTION NO. 1:16CV19
                    (Judge Keeley)

SPECIALIZED LOAN SERVICES, LLC; and
THE BANK OF NEW YORK MELLON, FKA THE
BANK OF NEW YORK, as Trustee for the
Certificate Holders of CWABS, Inc.,
Asset-Backed Certificates, Series 2006-20,

        Defendants.

## ORDER TO SHOW CAUSE

Pursuant to Fed. R. Crim. P. 42, the Court **DIRECTS** the defendants, Specialized Loan Services, LLC, and The Bank of New York Mellon, FKA The Bank of New York, as Trustee for the Certificate Holders of CWABS, Inc., Asset-Backed Certificates, Series 2006-20 (collectively, "the Defendants"), to appear on **Thursday, November 16, 2017, at 1:00 P.M.**, at the **Clarksburg, West Virginia**, point of holding court, and show cause why they should not be held in criminal contempt and fined $5,000 for disobeying a lawful order of the Court.

## I. APPLICABLE LAW

When a court imposes a fine to vindicate its authority and punish contemptuous conduct, the sanction is properly characterized as criminal, rather than civil. Cromer v. Kraft Foods N.A., Inc., 390 F.3d 812, 821-22 (4th Cir. 2004). With regard to criminal contempt, 18 U.S.C. § 401(3) provides the Court "power to punish by

**LESHO V. SLS, LLC, ET AL.** 1:16CV19

**ORDER TO SHOW CAUSE**
---

fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." Although "direct" contempt committed in the presence of the Court may be punished summarily, the failure to appear at a scheduled proceeding as ordered is "indirect" contempt. <u>In re Gates</u>, 600 F.3d 333, 339 (4th Cir. 2010).

Such indirect "contempt is a crime in the ordinary sense," and entitles the alleged contemnor "to full criminal process," <u>Cromer</u>, 390 F.3d at 820, including proof beyond a reasonable doubt that "the defendant <u>willfully</u> violated a decree that was clear and left no uncertainty in the minds of those who hear it." <u>In re Gates</u>, 600 F.3d at 338 (emphasis in original) (quoting <u>United States v. Linney</u>, 134 F.3d 274, 278 (4th Cir. 1998)). Moreover, Fed. R. Crim. P. 42(a), which applies to indirect contempt, permits punishment only "after prosecution on notice." <u>Id.</u> at 338-39.

"Under Rule 42(a), the alleged contemnor enjoys three essential procedural safeguards: notice of contempt charges against him, the appointment of an independent prosecutor, and disposition after a trial." <u>Id.</u> at 338. The notice, which is of primary importance, may be in the form of an order to show cause, and must 1) "state the essential facts constituting the charged criminal

2

**LESHO V. SLS, LLC, ET AL.** 1:16CV19

## ORDER TO SHOW CAUSE

contempt and describe it as such," 2) give the contemnor "a reasonable time to prepare a defense," and 3) "state the time and place of the trial." Id. (quoting Fed. R. Crim. P. 42(a)(1)).

## II. ESSENTIAL FACTS

On August 28, 2017, the Court entered an order that contained the following language:

> The Court **DIRECTS** the parties to appear in person at a status conference on **Thursday, September 14, 2017, at 3:45 P.M.**, at the Clarksburg, West Virginia, point of holding court.

(Dkt. No. 27 at 1) (emphasis in original). At the plaintiff's request (Dkt. No. 28), that status conference was later rescheduled to October 4, 2017, at 4:00 P.M. (Dkt. No. 29).

On September 28, 2017, counsel for the Defendants contacted the undersigned's chambers by telephone to inquire whether counsel and the Defendants were required to appear in person at the hearing scheduled for October 4, 2017. That same day, the undersigned's law clerk responded to counsel by email, confirming that the Court expected the parties to appear in person at the status conference. Nonetheless, on October 3, 2017, one day prior to the scheduled status conference, the Defendants filed a "Notice of Conflict," advising that the Defendants' representative was unavailable and requesting that the Defendants and their attorney be permitted to appear by telephone (Dkt. No. 31). Given that the Defendants and

3

**LESHO V. SLS, LLC, ET AL.** 1:16CV19

## ORDER TO SHOW CAUSE

their attorney failed to provide any "reason for their unavailability, much less a satisfactory one," the Court denied their request (Dkt. No. 32).

The conduct for which the contempt charge is leveled occurred on October 4, 2017, when the Court conducted the status conference as scheduled (Dkt. No. 33). Plaintiff Nancy C. Lesho appeared in person and by her attorney, Jennifer S. Wagner. The Defendants appeared only by their attorney, Massie P. Cooper. Ms. Cooper was unable to establish good cause for the Defendants' failure to comply with the Court's lawful order that they appear in person.

### III. CONCLUSION AND OTHER MATTERS

The Court finds that the Defendants' actions, as set forth above, warrant the institution of criminal contempt proceedings. It thus **DIRECTS** the Defendants to appear on **Thursday, November 16, 2017, at 1:00 P.M.**, at the **Clarksburg, West Virginia**, point of holding court, to show cause why they should not be held in criminal contempt and fined in the amount of $5,000 for failing to appear as directed at the October 4, 2017, status conference.

Pursuant to Fed. R. Crim. P. 42(a)(2), the Court **REQUESTS** that the contempt proceeding be prosecuted by the Office of the United States Attorney for the Northern District of West Virginia. See Cromer, 390 F.3d at 820 ("[I]t is plain error for a judge to act as

4

**LESHO V. SLS, LLC, ET AL.**                                          1:16CV19

## ORDER TO SHOW CAUSE

both prosecutor and decision maker in a criminal contempt proceeding."). The Court further **NOTIFIES** the Defendants that they have the right to be represented by an attorney at the trial of this matter. Id.[1]

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to docket this Order in the above-captioned civil case, and to use the Order to open an appropriate criminal case. The Clerk is further **DIRECTED** to transmit copies of this Order to counsel of record and the Office of the United States Attorney for the Northern District of West Virginia.

DATED: October 18, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Although Fed. R. Crim. P. 42(a)(3) provides that "[a] person being prosecuted for criminal contempt is entitled to a jury trial in any case in which federal law so provides," no jury is necessary in this case because the Court has determined that the maximum fine it will impose is $5,000. See Linney, 134 F.3d at 280.